**CORRECTED**

# In the United States Court of Federal Claims

No. 20-461C
Filed: April 24, 2020
NOT FOR PUBLICATION

**KENNETH J. FLYNN, *pro se*,**

***Plaintiff,***

**v.**

**UNITED STATES,**

***Defendant.***

Keywords: Unreported Order, *Pro Se*, Subject-Matter Jurisdiction, *Sua Sponte* Dismissal

**ORDER**

*Pro se* plaintiff, Kenneth J. Flynn, alleges that several judges of the U.S. Court of Appeals for the Ninth Circuit who issued preliminary rulings in his pending Ninth Circuit appeal violated his "due process right to be heard," discriminated against him, and retaliated against him for disclosing judicial misconduct. This Court may only hear claims for money damages against the United States. Mr. Flynn's complaint does not allege that the United States acted through the judges to breach a contract he had with the United States or to violate a law that mandates the payment of money damages by the United States. Accordingly, the Court dismisses without prejudice Mr. Flynn's complaint *sua sponte* for lack of subject matter jurisdiction.

## I. BACKGROUND

Court documents that Mr. Flynn filed with his complaint reveal that he was prosecuted by the state of Montana for his involvement in an assault in 2016. The charges against him were voluntarily dismissed in January 2019 after Mr. Flynn, then represented by appointed counsel, alleged prosecutorial misconduct in a motion for change of venue.

Mr. Flynn sued the state-court judge, prosecutors, a police investigator, multiple lawyers who had served as his appointed counsel, and their private investigators in federal district court in Montana under 42 U.S.C. § 1983, alleging that they had violated his civil rights in connection with the prosecution against him. In September 2019, the district court dismissed the case for failure to state a claim because the defendant-prosecutors and defendant-judge were entitled to judicial or quasi-judicial immunity, Mr. Flynn's former legal counsel and their investigators were not state actors as required for § 1983 liability, and the police investigator had never been served. Order, *Flynn v. Pabst*, No. 9:19-cv-00058-DLC, Sep. 30, 2019 (D. Mont.). Mr. Flynn appealed the dismissal to the Ninth Circuit. *Flynn v. Pabst*, No. 19-35840 (9th Cir. filed Oct. 3, 2019).

A January 2020 order by Ninth Circuit Judges Jay Bybee and Sandra Ikuta denied Mr. Flynn's emergency motion to review the contents of a thumb drive, his "motion for summary

judgment," and various other requests. Order, *Flynn v. Pabst*, No. 19-35840, Jan. 2, 2020. The order extended Mr. Flynn's time to submit an opening brief. *Id.*

On January 28, 2020, Mr. Flynn filed a request for a case management conference, a procedure normally reserved under Ninth Circuit rules for exceptionally complex appeals, asserting that his appeal was "extremely complex."[1] Mr. Flynn's motion explained that he was proceeding *pro se* against nine attorneys, a judge, and an investigator employed by a law firm, altogether represented by a total of 14 attorneys. The motion described Mr. Flynn as "disadvantaged" and concluded that he had "no chance of reasonable briefing[,] nor oral responses with memory[,] and delayed ability to respond effectively." The remainder of the motion detailed ways in which Mr. Flynn was disadvantaged, noting that Mr. Flynn suffered head injuries, concussions from two car accidents in 2000 and 2019, and an assault in 2016. The motion described the 2016 assault at issue in his appeal as "boots to my head" and alleged that, as a result of the assault, Mr. Flynn lost his memory for 60 days.

On February 27, 2020, Ninth Circuit Judges Ronald Gould and William Canby issued an order denying Mr. Flynn's request for a case management conference. That order granted Mr. Flynn another extension of time to file his opening brief. Finally, the order provided that no motion for reconsideration would be entertained and denied all other relief requested in the motion, including a renewed request for appointment of counsel. *See* Order, *Flynn v. Papst*, No. 19-35840, filed Feb. 27, 2020.

On April 13, 2020, Mr. Flynn filed this complaint, which he characterizes as the "second" complaint in the "same case" as his Ninth Circuit appeal. (Compl. 1.) The complaint alleges that "five judges from the [Ninth] Circuit have intentionally violated [Mr. Flynn's] rights." (Compl. 3.) It accuses the judges of "bias, cognizable misconduct, retaliation, abusive harassing behavior, demonstrably egregious hostile manor and discrimination." (*Id.*) It alleges that Judges Gould and Canby's denial of a case management conference violated Mr. Flynn's "due process right to be heard" and "discriminated" against him as a disabled plaintiff. (Compl. 1-2.) The complaint also insinuates that Judge Bybee contributed to Mr. Flynn's disability, noting that Mr. Flynn's "memory defects [were] enhanced" on February 14, 2020, "by a tainted pepsie [sic.] in [a] Las Vegas casino ([Judge] Bybee's home town)." (Compl. 1.) The complaint's allegation of "retaliation" specifies only that the judges' conduct was "retaliation" for Mr. Flynn's disclosure of "misconduct over ignoring [his] disability."

In its request for relief, the complaint notes that there is a "conflict" in the Ninth Circuit and requests a "change of venue" or "assign[ment]" of Mr. Flynn's Ninth Circuit appeal to this

[1] In exceptionally complex appeals "involving numerous separately represented litigants or extensive district court/agency proceedings," the Ninth Circuit may direct, either *sua sponte* or at the request of a party, that the parties participate in a case management conference. Circuit Advisory Committee Note to Ninth Circuit Rule 33-1 (implementing Federal Rule of Appellate Procedure 33, Appeal Conferences), http://cdn.ca9.uscourts.gov/datastore/uploads/rules/rules.htm#pID0E01L0HA.

Court. (Compl. 3.) Alternatively, the complaint suggests that "[t]he Supreme Court may be a proper venue." (*Id.*) Further, it requests that this Court "enforce [the] misconduct claim against [Judges] Gould and Canby." The figure "$10,000,000" is written and circled directly below the sentence requesting enforcement.

## II. DISCUSSION

This Court has a responsibility to ensure that it has jurisdiction over any claims asserted. *See, e.g.*, *St. Bernard Parish Gov't v. United States*, 916 F.3d 987, 992-93 (Fed. Cir. 2019). The Court may dismiss a complaint on its own initiative if "the pleadings sufficiently evince a basis for that action." *Anaheim Gardens v. United States*, 44 F.3d 1309, 1315 (Fed. Cir. 2006).

This Court's jurisdiction is established by the Tucker Act, 28 U.S.C. § 1491(a), which provides:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

The Supreme Court has interpreted the Tucker Act to waive sovereign immunity to allow jurisdiction in the Court of Federal Claims if a claim is (1) founded on an express or implied contract with the United States; (2) seeking a refund of a payment previously made to the United States; or (3) based on federal constitutional, statutory, or regulatory law mandating compensation for damages sustained, unless arising from a tort. *See United States v. Navajo Nation*, 556 U.S. 287, 289-90 (2009). "Not every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act. The claim must be one for money damages against the United States." *United States v. Mitchell*, 463 U.S. 206, 216 (1983); *see also United States v. Sherwood*, 312 U.S. 584, 588 (1941) (the United States is the only defendant against which this Court may hear claims). To invoke this Court's limited jurisdiction, a plaintiff must rely on a statute or regulation that is money-mandating, meaning the source of alleged liability "can fairly be interpreted as mandating compensation by the Federal Government." *United States v. Testan*, 424 U.S. 392, 400 (1976).

The plaintiff is proceeding *pro se*, so his pleadings are entitled to a more liberal construction than the Court would give to pleadings prepared by a lawyer. *See Haines v. Kerner*, 404 U.S. 519 (1972). Giving a *pro se* litigant's pleadings a liberal interpretation and construction does not divest the *pro se* plaintiff of the responsibility of having to demonstrate that he has satisfied the jurisdictional requirements that limit the types of claims the Court of Federal Claims may entertain. *See, e.g.*, *Kelly v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987); *Hale v. United States*, 143 Fed. Cl. 180, 184 (2019).

The starting point for determining whether this Court has jurisdiction is the complaint, *see Holley v. United States*, 124 F.3d 1462, 1465 (Fed. Cir. 1997), which the Court interprets liberally.

This court lacks subject matter jurisdiction over Mr. Flynn's claim that judges ruling on motions in his Ninth Circuit appeal violated his due process rights. The due process clause of the Fifth Amendment is not money-mandating, and claims arising under its provisions do not fall within the jurisdiction of this Court. *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013).

Mr. Flynn does not identify a statute or regulation that mandates the payment of damages by the United States for discriminatory, harassing, or retaliatory behavior by federal judges. The Court's effort to construe the complaint liberally reveals no basis from which to infer a theory for money damages that fits within this Court's subject matter jurisdiction. Although abusive and harassing behavior, along with the poisoning that the complaint—implausibly—suggests, might be construed as tort claims, the Tucker Act specifically excludes tort claims from this Court's subject matter jurisdiction.

The complaint cites to 42 U.S.C. § 1983 in a manner that could either be interpreted as a description of the civil rights claims underlying Mr. Flynn's Ninth Circuit appeal or as an assertion of a separate § 1983 civil rights claim against the Ninth Circuit judges for their rulings in the appeal. In any case, this Court lacks jurisdiction over claims brought under § 1983, which only provides for relief against a state or its instrumentalities, and not the United States or its officials.

Finally, the Court has no authority to serve as an alternate venue in Mr. Flynn's Ninth Circuit appeal because statute vests appellate jurisdiction over "all final decisions of the district courts of the United States" in the United States Courts of Appeals, which include the Ninth Circuit. 28 U.S.C.A. § 1291. The Court of Federal Claims is not one of the United States Courts of Appeals. Indeed, "[b]inding precedent establishes that the Court of Federal Claims has no jurisdiction to review the merits of a decision rendered by a federal district court." *Shinnecock Indian Nation v. United States*, 782 F.3d 1345, 1352 (Fed. Cir. 2015); *see Allustiarte v. United States*, 256 F.3d 1349, 1352 (Fed. Cir. 2001) (dismissing a suit alleging that bankruptcy courts in the Ninth Circuit took property without just compensation).

## III. CONCLUSION

No reading of the plaintiff's allegations supports a jurisdictional basis for proceeding in the Court of Federal Claims. Accordingly, the plaintiff's complaint is **DISMISSED** without prejudice pursuant to Rules 12(b)(1) and 12(h)(3) of the Rules of the Court of Federal Claims. The Clerk is directed to enter judgment accordingly. No costs are awarded.

It is so **ORDERED**.

s/ Richard A. Hertling

**Richard A. Hertling**
**Judge**